Tionna Dolin (SBN: 299010)
tdolin@slpattorney.com
Daniel Law (SBN:308855)
dlaw@slpattorney.com
Ariel S. Harman-Holmes (SBN : 315234)
aharman-holmes@slpattoreny.com
**STRATEGIC LEGAL PRACTICES, APC**
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Tel: (310)929-4900
Fax: (310)943-3838
Attorneys For Plaintiff,
LORI RENEE CORREIA


SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
JEANETTE C. SUAREZ (SBN: 255141)
jsuarez@grsm.com
JEFFERY FADEFF (SBN: 111497)
jfadeff@grsm.com
**GORDON REES SCULLY MANSUKHANI**
275 Battery Street, Suite 2000
San Francisco, CA 94111
Tel. 415-875-3334
Attorneys for Defendant,
FCA US LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI RENEE CORREIA<br><br>    Plaintiff,<br> vs.<br>FCA US LLC<br><br>    Defendant. | **NO.: 3:22-cv-07281-VC**<br>Judge Vince Chhabria<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>February 15, 2023<br>Time: 1:00 PM<br>*By Video Conference* |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff LORI RENEE CORREIA ("Plaintiff") and Defendant FCA US LLC ("Defendant" or "FCA") (collectively, "the Parties") submit the following Joint Case Management Statement. The Parties, by and through their respective counsel, have met and

-1-
JOINT CASE MANAGEMENT STATEMENT

conferred as required and within the timelines proscribed.

The Parties apologize for filing this Joint Case Management Statement a day late. This was due to problems with ECF notifications which the Parties are attempting to solve. As a result of the problem with notifications, the Parties did not learn that this report was due yesterday until today, the day of filing.

A. **JURISDICTION AND SERVICE**

This action was originally filed in the Superior Court for the County of Orange on or about January 31, 2022. When Plaintiff filed in State Court, she did not know whether Defendant would file a motion to compel arbitration. After Defendant filed such a motion, Plaintiff dismissed the case without prejudice on or about July 29, 2022 because she did not wish to be subject to the risk of being erroneously compelled to arbitration. Plaintiff re-filed this case in Federal Court on November 18, 2022.

Jurisdiction is based on 28 U.S.C. § 1332(a)(2). Plaintiff is a citizen of California and Defendant is not. The amount in controversy exceeds $75,000, exclusive of interest and costs.

Assignment to the Northern District is proper because all or most of the events giving rise to Plaintiff's claims, including entering the warranty contract and/or repairs of the Subject Vehicle giving rise to this lawsuit occurred within Lake County.

All Defendants have been served and appeared.

B. **STATEMENT OF THE CASE:**

   1. **Plaintiff's Factual Statement:**

This action is brought pursuant to the Song-Beverly Act.

On or about March 7, 2019, Plaintiff entered into a warranty contract with Defendant FCA regarding a 2019 Jeep Wrangler, VIN 1C4HJXDG6KW545846 ("Vehicle"), which included but was not limited to a bumper-to-bumper warranty,

a powertrain warranty, and an emission warranty. Under the terms of the express written warranty FCA undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

Latent defects and nonconformities manifested during the warranty period resulting in symptoms including but not limited to problems with the electrical system and the infotainment system, as well as other defects and non-conformities. Despite its obligation to do so, FCA failed to timely replace the Vehicle or offer restitution.

### 2. Defendant's Factual Statement:

FCA denies the Subject Vehicle was sold or developed defects or non-conformities to express and implied warranties. It is FCA's positon that, to the extent the Subject Vehicle experienced any problems or issues requiring service by FCA or one of its authorized repair facilities, any such problems or issues were repaired within a reasonable number of attempts, and thus did not trigger FCA's obligation to repurchase or replace the Subject Vehicle pursuant to the Song-Beverly Act.

### C. LEGAL ISSUES

**Plaintiff's Statement:**

Based on the facts set forth in the Complaint, Plaintiff brought the following four causes of action:

1) Violation of the Song-Beverly Act, § 1793.2(D) (failure to promptly replace the Vehicle or make restitution to Plaintiff),

2) Violation of the Song-Beverly Act, § 1793.2(B) (failure to commence service or repairs within a reasonable time and failure to repair the Vehicle to conform to the applicable warranties within 30 days),

3) Violation of the Song-Beverly Act, § 1793.2(A)(3) (failure to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period), and

4) Breach of the Implied Warranty of Merchantability (Civil Code §§ 1791.1, 1794, and 1795.5).

Plaintiff is unaware of any unusual substantive, procedural, or evidentiary issues.

**Defendant's Statement:**

FCA denies the allegations in the Complaint. FCA denies the Subject Vehicle was sold with, or developed defects or non-conformities, including, but not limited to any alleged issues identified in the Complaint. It is FCA's position that, to the extent the Subject Vehicle experienced any problems or issues requiring repair or service by FCA's independently-owned repair facilities, any such problems or issues were not defects; not covered by any applicable warranty; do not substantially impair the use, value or safety of the Subject Vehicle; or have been repaired within a reasonable number of repair attempts.  Thus, not triggering FCA's obligation to repurchase or replace the Subject Vehicle pursuant to the Song-Beverly Act.  FCA also contends that the Subject Vehicle was fit for the ordinary purposes for which vehicles are used. FCA further contends that concerns which manifest themselves more than one year after purchase, or if used, more than three months after purchase, of the vehicle cannot form the basis for a breach of the implied warranty under California Civil Code Section 1791.1 (c) or 1795.5(c).  FCA asserts that Plaintiff is not entitled to any civil penalty because no such penalties are available under the applicable law and that FCA had a reasonable and good faith belief the Subject Vehicle did not qualify for repurchase or replacement. Further, FCA contends that

Plaintiff received timely notice of the availability of a third-party dispute resolution process but made no effort to use such process.

### D. MOTIONS

*Plaintiff's Statement:*

Plaintiff reserves the right to file a Motion to Compel Further Discovery Responses and Documents seeking Defendant's internal investigation documents pertaining to the subject defects (including root cause analysis reports, internal emails pertaining to the cause of the defect and efficacy or inefficacy of proposed cures for the defects, other customer complaints and warranty claims pertaining to the same defects in vehicles of the same year make and model). Plaintiff contends such documents are relevant to show that Defendant's refusal to repurchase the Subject Vehicle was a willful violation of the Song-Beverly Consumer Warranty Act because documents demonstrate Defendant knew the defects existed and could not be remedied within a reasonable number of repair attempts, but denied the repurchase, nonetheless.

Defendant may limit its discovery responses and document production to the repair history of the Subject Vehicle only, which would necessitate a Motion to Compel Further Responses.

*Defendant's Statement:* FCA reserves the right to file any discovery or dispositive motion. FCA is not currently in possession of enough information to assess the scope or content of said motions.

### E. AMENDMENT OF PLEADINGS

The Parties do not anticipate any amendments to pleadings at this time.

### F. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the

issues reasonably evident in this action. The Parties do not believe that any extraordinary efforts are required.

## G.  DISCLOSURES

Defendant served initial disclosures today, February 9, 2023. Plaintiff will serve initial disclosures by February 10, 2023.

## H.  DISCOVERY

The Parties do not recommend any changes to Rule 26 procedures. The Parties agree all discovery shall be limited by the Federal Rules of Civil Procedure, the Local Rules, and any subsequent Court orders. The Parties will meet and confer on the terms of and need for a stipulation governing production of electronic data.

*Plaintiff will seek discovery on at least the following subjects:*

(a) Defendant's positions on which alleged defects were successfully repaired and when they were repaired, which alleged defects are normal characteristics of the Subject Vehicle, and the factual basis for that claim, and which alleged defects are not covered by the warranty and the factual basis for that claim.

(b) The information known and available to Defendant about the alleged defects.

(c) Defendant's efforts to repair the Subject Vehicle.

(d) Defendant's response to Plaintiff's request that Defendants repurchase the Vehicle.

(e) Defendant's policies and procedures for complying with the legal obligations at issue in the case.

(f) Defendant's internal investigation and analysis into the alleged defects in the Subject Vehicle and in other vehicles of the same year, make, and model.

(g) Defendant's advertising for the Subject Vehicle.

  (h)  Plaintiff's discovery will also include a deposition of Defendant's 30(b)(6) witness(es), a deposition of each of the relevant service personnel involved in the servicing of the Subject Vehicle, interrogatories, requests for admissions, and production demands.

  Documents relevant to these topics are discoverable under *Donlen v. Ford Motor Co.* 217 Cal. App. 4th at 143-44 (2013) and *Santana v. FCA US, LLC* 56 Cal. App. 5th 334 (2020). Documents relating to investigations and analyses of the applicable defects are admissible because they are probative of nonconformities with the Subject Vehicle, a necessary element of Plaintiff's case. Furthermore, these documents include technical information that Plaintiff's expert needs in order to give reliable opinion testimony as to the nature of these defects. Finally, the requested documents go to Defendant's knowledge of the defects and its ability to repair the defects. Consequently, the materials are relevant to whether Defendant's refusal to repurchase Plaintiff's vehicle was based on a "good faith and reasonable belief that the facts imposing the statutory obligations were not present." *Kwan v. Mercedes Benz of North America, Inc., supra,* 23 Cal.App.4th at 185.

  To the extent Defendant's position is that any discovery as to anything other than Plaintiff's individual complaints and anything other than Plaintiff's individual vehicle is overbroad and not relevant, the case law is clear that the scope of discovery includes documents that relate to similar defects experienced by other customers. *Donlen,* 217 Cal. App. 4th at 143-44, 153 (evidence of special service bulletins issued *before* Plaintiff bought his truck and evidence of similar transmission problems in *other* trucks were relevant and admissible); *Doppes v. Bentley Motors, Inc.*, 174 Cal. App. 4th 967, 973, 978-979, 986 (2009) ("*Doppes*").

  Plaintiff requests Defendant search for e-mails of those custodians that are and were responsible for investigating and analyzing the subject defects in vehicles of the same year, make, and model as the Subject Vehicle (e.g., engineers, etc.),

and for the parties to meet and confer on those custodians whose e-mails need to be searched, as well as the search terms to be used.

Plaintiff also requests that Defendant meet and confer with Plaintiff on all the various databases that would have documents responsive to Plaintiffs' discovery requests, and to meet and confer regarding / provide Plaintiff with the search terms used in searching these databases (e.g., defect codes, part numbers, etc.).

*Defendant will seek discovery on at least the following subjects*:

FCA's position is that in a breach of warranty case, discovery must be guided by the proportionality requirement of Rule 26. *See Dao v. Liberty Life Assur. Co.,* Case No. 14-cv-04749-SI (EDL), 2016 U.S. Dist. LEXIS 28268, at *7-8 (Feb. 23, 2016, N.D. Cal.) (noting that "a party seeking discovery . . . must show, before anything else, that the discovery sought is proportional to the needs of the case"). Accordingly, discovery in this matter should be focused on, and limited to the symptoms the Subject Vehicle exhibited and the experiences Plaintiff actually encountered and which were presented to FCA or an authorized dealership. *See Kaiser v. BMW of N. Am.,* No. C-12-1311 DMR, 2013 U.S. Dist. LEXIS 63855, at *8 (May 2, 2013 N.D. Cal.) (noting the breadth and burden imposed by extensive discovery into other consumer transactions in a breach of warranty case outweighs its benefits.); *Samuel Velasco v. Mercedes-Benz USA, LLC* et al., 2:18-cv-07880-MWF (SKx) (C.D. Cal. Jun. 13, 2019) (Motion to compel denied as to requests seeking documents relating to vehicles of the same make, model, and year that have the same engine defect because the definition of engine defect violated FRCP 34's reasonable particularity requirement.)

FCA anticipates conducting discovery into the facts and circumstances surrounding the purchase, use, operation, maintenance, repair history, of the vehicle, including but not limited to (1) whether Plaintiff's vehicle had the alleged defects;

(2) whether any such defects impaired the use, value or safety of the vehicle; (3) whether any such defects were repaired after a reasonable number of attempts; (4) Plaintiff's communications with FCA and all dealership(s) regarding alleged defects with the Subject Vehicle; (5) the nature and extent of Plaintiff's alleged damages; and (6) facts related to each of Plaintiff's causes of action. FCA anticipates conducting discovery into damages claimed by Plaintiff and relating to the vehicle. FCA anticipates conducting Plaintiff's depositions and the depositions of witnesses identified in Plaintiff's disclosure, if any, and Plaintiff's expert witnesses. FCA anticipates conducting an inspection of the vehicle. FCA further anticipates serving a set of Special Interrogatories; a set of Requests for Admission; a set of Requests for Production of Documents on Plaintiff. FCA anticipates conducting third-party discovery by subpoena and/or deposition surrounding Plaintiff's vehicle and damages claimed by Plaintiff.

Discovery should be limited to information regarding the specific conditions, repairs and/or maintenance experienced by Plaintiff in the Subject Vehicle during Plaintiff's ownership period which were presented to FCA or an authorized dealership. Extensive discovery into other vehicles should be excluded, or, to the extent allowed by the Court, should be limited to the specific conditions and repairs that are identified by Plaintiff as giving rise to the claims in this case and for the same make and model year as the Subject Vehicle and be limited to specific databases identified by FCA depending on the category of information sought. Such limitations are appropriate to comply with the proportionality considerations set forth in Federal Rule of Civil Procedure 26(b). FCA does not agree that documents regarding vehicles other than the Subject Vehicle are relevant or proportional to the needs of the case.

I.  **CLASS ACTIONS:** Not applicable.

J.  **RELATED CASE:** None.

K.  **RELIEF**

**Plaintiff's Statement Regarding Damages:**

Plaintiff seeks damages as provided in Civil Code section 1794 and section 1793.2(d), and as provided in the Magnuson-Moss Act. These damages include "the actual price paid or payable by the buyer, including any charges for transportation and manufacturer-installed options . . . and including any collateral charges such as sales tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer." Cal. Civ. Code § 1793.2(d). In addition, Plaintiff seeks the measure of damages set forth in Civil Code section 1794(b)(1), or alternatively, 1794(b)(2). Plaintiff also seeks actual damages.

Plaintiff also seeks various incidental and consequential damages, including but not limited to, registration and renewal fees, insurance premiums, rental car expenses, storage / maintenance expenses to be determined through the discovery process. Plaintiff also seeks a civil penalty in the amount of up to two times actual damages pursuant to Civil Code section 1794, subdivision (c) and (e). If damages are found under a different measure, Plaintiff will seek a penalty in the amount of two times those damages. Plaintiff seeks punitive damages.

Plaintiff seeks prejudgment interest at the rate of ten percent per annum from the date the Vehicle was purchased, to the date judgment is entered. In the alternative, Plaintiff seeks prejudgment interest at the rate of ten percent per annum from the date Plaintiff's Complaint was filed, to the date judgement is entered.

Plaintiff also seeks attorneys' fees, costs, and expenses.

**Defendant's Statement Regarding Damages:**

FCA denies all liability, and further denies that Plaintiff is entitled to any damages or any other relief. FCA will seek its costs and other relief as the Court deems appropriate.

**L.     SETTLEMENT AND ADR**

The Parties believe that there is a possibility of settlement, but they have yet to participate in any formal dispute resolution proceeding. The Parties will engage in informal settlement discussions prior to formal mediation if appropriate.

*Plaintiff's Statement:*

Plaintiff is amenable to private mediation, preferably with Grant Woodruff or Ron Akasaka, but not to any form of arbitration.

*Defendant's Statement:*

FCA is amenable to both private mediation and arbitration.

**M.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties have met and conferred and do not consent to try this case before a magistrate judge.  FCA is agreeable to a magistrate judge for settlement conferences.

**N.    NARROWING OF ISSUES:** None of this time.

**O.    SCHEDULING:** Please see attached Schedule.

**P.    TRIAL**

*Plaintiff's Position:*

Plaintiff has requested a jury trial and estimates a trial time of 5-7 days. Plaintiff anticipates calling between 8 and 12 witnesses during the course of trial.

*Defendant's Position*:

FCA requests a bench trial and estimates 3-5 days with each side calling four to five witnesses.

**Q.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff: None

Defendant: None

**R.    PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the guidelines for Professional Conduct for Professional Conduct for the Northern District of California.

## S. OTHER MATTERS

The Parties are unaware of any other matters that may add to the just and expeditious disposition of this matter at this time.

Respectfully Submitted,

DATED: February 9, 2023    GORDON REES SCULLY MANSUKHANI

By: _____
Jeffery Fadeff
Attorneys for Defendant
FCA US LLC

DATED: February 9, 2023    STRATEGIC LEGAL PRACTICES, APC
By: */s/ Ariel Harman-Holmes*
Ariel Harman-Holmes
LORI RENEE CORREIA

### SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET
### Case No. 3:22-cv-07281
### Case Name: Correia v. FCA US LLC

| Trial and Final Pretrial Conference Dates | | Parties' Agreed-Upon Dates |
|---|---|---|
| Jury Trial | Est. 5-7 Days | 03/11/2024 |
| FCA – Bench Trial | Est. 3-5 Days | 03/11/2024 |
| Final Pretrial Conference | | 03/04/2024 |
| **EVENT** | **TIMING** | **DATE** |
| Last Date to Hear Motion to Amend Pleadings (Fridays at 10:00 a.m.) | 60 days after scheduling conference | 04/10/2023 |
| Fact Discovery Cut-Off | 24 weeks before FPTC | 10/02/2023 |
| Expert Discovery Cut-Off | 8 weeks before Dispositive Motion cut-off | 11/13/2023 |
| Last Date to Hear Dispositive Motions | 2-3 months before FPTC | 01/08/2024 |